**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEONARD ANTHONY GOOSBY, JR.** | **CIVIL ACTION NO:** |
| **VERSUS** | **SECTION:** |
| | **JUDGE:** |
| **CROSBY TUGS, L.L.C.** | **MAGISTRATE:** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **LEONARD ANTHONY GOOSBY, JR.**, and with respect files the following Complaint for Damages and appropriate ancillary relief:

I.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1333. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1).

II.

This case is brought pursuant to the Constitution and the laws of the United States of America and any applicable state laws under the General Admiralty and Maritime Law. Additionally, at all times material hereto, there was in full force and effect an Act of Congress, the Jones Act (46 U.S.C. §30104, *et seq*), which Plaintiff hereby adopts and asserts as a claim for relief.

1

III.

This matter is identified as an admiralty or maritime claim in accordance with the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

IV.

Plaintiff, **LEONARD ANTHONY GOOSBY, JR.** ("Mr. Goosby"), is a person of the full age of majority, domiciled in the city of Mobile, County of Mobile, State of Alabama.

V.

The Defendant named herein is:

1) **CROSBY TUGS, L.L.C.,** Louisiana limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its domicile located in Galliano, LA at the following address: 17771 Highway 3235, Galliano, LA, 70354.

VI.

**CROSBY TUGS, L.L.C.** ("Crosby"), engages in the for-profit business of providing marine towing services, among other marine transportation services, along the navigable waters of the United States of America, including but not limited to spot towing services throughout the navigable waterways of the Gulf of Mexico.

VII.

Defendant is truly and justly indebted to Plaintiff herein for any and all damages sustained as a result of an incident that occurred in the territorial waters of the United States of America, State of Texas, on or around August 8, 2024.

VIII.

On or around August 8, 2024, Mr. Goosby was employed by Crosby as a deckhand and was working on the navigable waterways of Texas assigned to a tugboat, believed to be named the

M/V MYLES FRANCIS, a towing vessel owned and/or operated and/or owned *pro hac vice* by Defendant Crosby. Goosby was working as a member of the vessel's crew in the service of the M/V MYLES FRANCIS, a 1800HP tugboat, assisting in the vessel's towing operations.

IX.

In the early morning hours of August 8, 2024, around approximately 0500, Mr. Goosby was ordered to board another vessel in the Crosby fleet to retrieve a water line for the repair of a leak aboard the M/V MYLES FRANCIS. While Mr. Goosby was aboard this other Crosby vessel, and while he was descending a stairwell in the course of fulfilling his assigned duties, suddenly and without warning, Goosby was caused to violently slip, ultimately falling down the steps attempting to brace himself in the process.  Upon information and belief, but unknown to Goosby at the time, the steps aboard the tug where Goosby was directed to traverse in order to access the equipment were slick, had no non-skid material on the surface, nor were there any caution signs, tape or any other warnings of the hazardous condition present aboard the vessel.  This slip and fall down the steps caused Goosby to suffer critical and life-changing personal injuries to his mind and body including, but not limited to injuries to his back, neck, shoulders, and arms.

X.

The incident that occurred on or around August 8, 2024, resulted in severe, permanent, and disabling injuries to Mr. Goosby and was caused solely and exclusively by the negligence and fault of Defendant, Crosby Tugs, L.L.C., in the following non-exclusive particulars:

    a.  Failing to ensure its vessels were properly and routinely inspected and/or cleaned;

    b.  Failing to inspect and/or plan for potential hazards aboard its vessels, including its stairwells / steps;

3

c.  Failing to ensure its vessels had proper and/or safe decking on its stairwells / steps, including but not limited to, a clean surface free of unnecessary moisture or debris;

d.  Failing to ensure its vessels had non-skid and/or proper non-skid material on its stairwells / steps and/or other surfaces to ensure safe operations;

e.  Failing to warn of hazardous conditions on board its vessels;

f.  Failing to conduct a proper safety meeting and/or JSA prior to the work being performed leading up to the incident in question;

g.  Failing to provide Plaintiff with a safe and non-hazardous place to work;

h.  Failing to adequately inspect its vessels and keep them in a safe and operable condition;

i.  Failing to adequately train and/or supervise crew members and/or all other workers in the performance of their duties;

j.  Failing to properly equip its crew members and/or all other workers;

k.  Failing to properly and safely operate its vessels;

l.  Failing to devise and implement an adequate crew safety protocol;

m.  Failing to warn of hazardous conditions on board its vessels;

n.  Failing to prevent the creation of hazardous conditions on board its vessels;

o.  Failing to put safety as its first priority during operations; and

p.  Other negligent acts and/or omissions to be shown at the trial of this action.

XI.

At all times pertinent hereto, Crosby's vessels were unseaworthy in one or more of the following respects, to-wit:

4

a. The vessel(s) and all of her equipment and appurtenances were not safe for the performance of the operations in question;

b. The vessel(s) and all of her equipment and appurtenances were not reasonably fit for its intended purpose;

c. The vessel(s) crew(s) was inadequately trained for the operations being conducted at the time;

d. The vessel(s) crew(s) was inadequate in number;

e. The vessel(s) failed to have the required complement of crew;

f. The vessel(s) and all of her equipment and appurtenances were inadequate and/or inadequately maintained; and

g. Other unseaworthy conditions to be determined at a trial of this action.

## XII.

Plaintiff, Leonard Anthony Goosby, Jr., was not negligent in any way and did not contribute to the incident complained of herein.

## XIII.

Plaintiff, Leonard Anthony Goosby, Jr., is entitled to maintenance and cure from his employer until such time as he reaches maximum medical cure. Plaintiff is entitled to punitive damages, attorneys' fees, and costs in the event that his employer unreasonably refuses to pay or discontinues maintenance and cure benefits.

## XIV.

As a result of the incident described herein, Plaintiff, Leonard Anthony Goosby, Jr., has incurred the following non-exclusive damages:

a. Past, present and future loss of wages and work benefits;

b.  Impairment of future earning capacity;

c.  Past, present and future physical pain and suffering;

d.  Past, present and future mental and emotional pain and suffering;

e.  Past, present and future medical expenses;

f.  Maintenance, cure, and found;

g.  Disability;

h.  Past, present and future loss of enjoyment of life; and

i.  Other elements of damages to be shown at the trial in this matter.

**WHEREFORE**, Plaintiff, **LEONARD ANTHONY GOOSBY, JR.**, prays that Defendant, **CROSBY TUGS, L.L.C.**, be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiff and against Defendant for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; and

Finally, Plaintiff prays for all general and equitable relief to which they may otherwise be entitled.

Respectfully Submitted:

*/s/ J. Christopher Zainey, Jr.*
J. Christopher Zainey, Jr. (LA Bar No. 32022)
Hugh P. Lambert (LA Bar No. 7933)
Jacki L. Smith (LA Bar No. 34769)
Brian J. Mersman, Esq. (LA Bar No. 38624)
Lambert, Zainey, Smith & Soso, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Tel: (504) 581-1750
Fax: (504) 529-2931
czainey@lambertzainey.com
hlambert@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com

6

*Counsel for Plaintiff, Leonard Anthony Goosby, Jr.*